No. 357

JENSEN et v. CLEVELAND RY. CO.

No. 18963—Supreme Court

Motion to direct Cuyahoga Appeals to certify. Dock. Feb. 15, 1925, 3 Abs. 114.

829. NEGLIGENCE—Does driver of truck exercise ordinary prudence when he ascertains that car is not within range of vision? What does range of vision constitute?

This cause was originally brought in the Cuyahoga Common Pleas by Alfred Jensen and The Royal Insurance Co., Ltd., against the Cleveland Ry. Co. for injuries sustained by Jensen, by a rapid transit car of the Railway Co It seems that Jensen was driving a milk truck and in nearing an intersection where the rails and the highway crossed, he looked to see whether a car was coming. This was done 300 feet from the intersection and again 150 feet therefrom. Jensen claimed that he first noticed the car when it was 200 feet up the tracks. He averred he was then 10 feet from the track and the car was travelling at a rate of 50 to 60 miles per hour and did not slacken. The court rendered judgment in favor of Jensen, but on a new trial, judgment was directed in favor of the Railway Co., said judgment being affirmed by the Court of Appeals.

Jensen contends in bringing the case to the Supreme Court that the evidence in the case warranted it being submitted to a jury. That he acted as any reasonably prudent man would under the circumstances. Until the car was within his range of vision he could not be expected to notice its approach; and the range of his vision included all of the track which reasonableness would require him to see.

Attorneys—Duffey & Duffey and Day & Day, for Jensen; Squire, Sanders & Dempsey, for Railway Co.; all of Cleveland.

---

No. 358

POTTER et v. WOOD CO. COM'RS.

No. 19054—Supreme Court

Motion to direct Wood Appeals to certify. Dock. March 30, 1925, 3 Abs. 214.

323. COUNTY COMMISSIONERS—When and how shall they proceed, when improvement is undertaken on their own motion?

Dudley Potter brought this action in the Wood Common Pleas for himself and for other taxpayers and owners of real property lying within one mile of either side of a road improvement designated and known as the W. H. Hannah road. Potter brought this action because of the fact that the board of County Commissioners of Wood County did not take the steps required before they were authorized to pass the two resolutions called for by 6910 and 6911 GC., and that failure of Commissioners to adopt the resolution called for by 6917 GC. by their unanimous vote; two commissioners voting yes, and one voting no. Potter contended that the proceedings of the commissioners in undertaking the improvement mentioned above, under the circumstances, were void.

Sections 6910 and 6911 GC. provide for procedure by commissioners when a petition not containing signatures of 51% of the taxpayers is submitted. When this occurs, the commissioners, if they think the improvement necessary, may go out to the premises in question, and look over the land. This Potter claimed, was not done. The Common Pleas dissolved the temporary injunction and dismissed the petition of Potter. This judgment was affirmed when taken up on appeal.

In bringing the case to the Supreme Court, Potter Claims that a resolution to be passed under 6917 GC. must be unanimous. It was not unanimous he declares for 2 voted yes and one no. It is also contended that 6977 GC. which provides for passing of a resolution if commissioners act without a petition, was not followed.

Attorneys—N. R. Harrington, for Potter; Ray D. Avery, Pros. Atty., for Commissioners; both of Bowling Green.